IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ROY CASTILLO, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:03-CV-0424 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner ROY CASTILLO has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state conviction for the offense of murder. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

## I.
## PROCEDURAL HISTORY

On April 1, 1999, in Cause No. 40,537-B styled *The State of Texas vs. Roy Castillo*, petitioner was indicted for the offense of murder, *to wit*: "[petitioner] on or about the 24th day of February, 1999 . . . did then and there intentionally and knowingly cause the death of an individual, namely, JULIAN MORENO, by shooting the said JULIAN MORENO with a deadly weapon, to-wit: a firearm." *Ex parte Castillo*, App. No. 55,784-01 at 129. On November 18, 2000, a jury found petitioner guilty of the offense of murder as alleged in the indictment and assessed petitioner's punishment at

confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) for thirty (30) years. *Id.* at 141, 147. The state trial court entered a deadly weapon finding in its judgment. *Id.* at 131.

Petitioner appealed his conviction and sentence to the state Court of Appeals for the Seventh District of Texas who, on February 19, 2002, affirmed the state trial court's judgment. *State v. Castillo*, 71 S.W.3d 812 (Tex.App.–Amarillo 2002). Petitioner also filed a petition for discretionary review with the Texas Court of Criminal Appeals who, on January 31, 2003, refused said petition. Petitioner sought further review of his conviction by way of a state application for habeas corpus relief. On June 25, 2003, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *Ex parte Castillo*, No. 55,784-01.

On December 4, 2003, petitioner filed the instant application for federal habeas relief with this Court.[1] On April 22, 2004, respondent filed his answer opposing federal habeas corpus relief.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of counsel because trial counsel failed to seek a mistake-of-fact jury instruction;

2. There was no evidence or insufficient evidence to support petitioner's conviction of murder; and

3. Petitioner was prosecuted on a theory of the crime that was not alleged in the indictment, to wit: transferred intent.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

## III.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997).

IV.
## FACTS OF THE OFFENSE

As detailed by the state court of appeals, the facts of the offense are as follows:

> After being involved in a fight at a local pool hall and its adjacent parking lot, appellant and a friend drove to appellant's home to obtain firearms, namely a pistol-grip shotgun and a 9mm pistol. Then they returned, with the weapons, to the scene of the fight. Upon arriving at same, the two exited their vehicle and began shooting at a black car. Inside the car sat various people including Ambrose Bustos (Bustos), one of the participants in the earlier fight, and Julian Moreno (Moreno). The latter was struck in the head by a bullet and killed.
>
> When appellant later discovered that someone had died as a result of the shooting, he threw the shotgun, the pistol, and its ammunition clip in T-Anchor Lake. In his confession to police, appellant admitted firing his pistol at the car and throwing the weapons in the lake. The weapons were later recovered from the lake.
>
> The State indicted appellant for murdering Moreno. One of its theories at trial involved the concept of transferred intent. That is, the State attempted to show that though appellant and his friend intended to kill Bustos, they succeeded in murdering Moreno. When both litigants rested their respective cases, the court charged the jury. Included therein were paragraphs informing the jury that they could convict appellant for murder if they found he intentionally or knowingly caused the death of Moreno or if he intended to kill Bustos but actually killed Moreno. So too did it instruct the jury on the lesser included offense of manslaughter. The jury eventually found appellant guilty of murder.

*Castillo v. State*, 71 S.W.3d 812 (Tex. App.– Amarillo 2002).


V.
## MERITS

### A. Ineffective Assistance of Counsel

By his first ground, petitioner argues, in total:

Trial counsel for the petitioner was ineffective due to the fact that trial counsel failed to request the inclusion of the affirmative defense of mistake of fact of which was supported by the evidence that was introduced during the petitioner's trial for the instant offense.

Respondent initially argues petitioner's ground should be denied as conclusory as petitioner fails to

plead facts in support of his claim. Respondent argues that with respect to each claim, a federal habeas petition must not only specify all the grounds for relief, but must set forth in summary form the facts in support. Respondent concludes that as petitioner failed to plead sufficient facts that would allow this Court to consider his claim, his allegation is conclusory and fails to raise a constitutional issue.

Petitioner raised this issue, asserting sufficient detail and facts, in his state habeas proceeding. The Texas Court of Criminal Appeals considered the merits of such claim and denied relief. The record of petitioner's state habeas proceeding is before this Court. In his reply brief, petitioner indicates his intent to incorporate by reference all facts and details asserted in his state habeas application. Respondent has not filed any pleading opposing petitioner's request to incorporate his state habeas pleadings. In the interest of justice, the undersigned hereby presumes petitioner pleads the same facts he pled in the state habeas proceedings and will refer to said state habeas application in determining the bases for petitioner's claims.

Petitioner argues counsel was ineffective for failing to request a jury instruction on the affirmative defense of mistake-of- fact. Specifically, petitioner, in his *state* habeas proceeding, argues his trial testimony that he did not know the car was occupied while he was shooting at the car raised a mistake-of-fact affirmative defense and, thus, counsel was ineffective for failing to request a jury instruction on said defense.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. A claim of ineffective assistance of counsel is measured under a two-pronged standard by which a petitioner must show (1) that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2)

prejudice by demonstrating there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* at 694. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697.

As a preliminary matter, the undersigned notes petitioner's allegation of ineffective assistance for failing to request a mistake-of-fact jury instruction was rejected by the Texas Court of Criminal Appeals in 2003 during state habeas corpus proceedings. A claim of ineffective assistance of counsel is a mixed question of law and fact. *Id.* at 698. Consequently, the 28 U.S.C. § 2254(e)(1) presumption of correctness applies to explicit and implicit findings of fact which are necessary to the state court's conclusions of mixed law and fact. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001). However, this court cannot grant petitioner federal habeas relief unless the state court's rejection of the claim involved an unreasonable application of the law to the facts. *See* 28 U.S.C. § 2254(d). "A decision must be more than merely incorrect in order to constitute an unreasonable application of law; it must be objectively unreasonable. *Miller v. Dretke*, 420 F.3d 356, 360 (5th Cir. 2005).

Under Texas law, a defendant is entitled to an instruction on any defensive issue raised by the evidence regardless of whether the evidence raising the issue is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex.Crim.App. 1999). This rule is designed to insure that the jury, not the judge, will decide the relative credibility of the evidence. The defendant's

testimony alone may be sufficient to raise a defensive theory requiring a charge. *Dyson v. State*, 672 S.W.2d 460, 463 (Tex.Crim.App. 1984). At the time of petitioner's trial, it was a defense to prosecution that the actor, through mistake, formed a reasonable belief about a matter of fact where his mistaken belief negated the kind of culpability required for commission of the offense. Tex. Penal Code § 8.02 (Vernon 1999). Whether a defendant's mistaken belief was "reasonable," so as to comport with the requirements of section 8.02, is a fact question for the jury, as the trier of fact, to decide, not the trial court. *Granger*, 3 S.W.3d at 39.[2]

During his trial, petitioner testified repeatedly that when he began shooting at the vehicle, he did not see anyone in the vehicle, did not see anyone trying to get in the back door of the vehicle, did not see the vehicle move, did not hear any screams or see any movement in the car while he was shooting at the car. (Vol. 5, p. 38-39,43, 88, 93-94, 113-14). In his statement given to the police on February 25, 1999, which was read into the record and admitted as an exhibit at trial, petitioner averred he "was shooting at the black car" and "didn't see anybody in it," and that he "did not mean to kill anybody." Vol. 7, State's Exhibit 28. During closing argument, both counsel for the State and for petitioner made arguments to the jury addressing petitioner's claims that he did not know anyone was in the car while he was shooting at the car.

When an accused creates an issue of mistaken belief as to the culpable mental element of the offense, he is entitled to a defensive instruction on mistake-of-fact. *Id.* at 41. In this case, petitioner, by his testimony, created an issue as to whether he was aware people were inside the car at which he was shooting. Petitioner's purported belief, if accepted as true, negated the culpability required for

---

[2]*Granger v. State*, a Texas Court of Criminal Appeals case handed down before this case went to trial and before the state courts reviewed petitioner's ineffective assistance claim on state habeas review, involved facts similar to those involved in this case and is directly on-point in determining whether petitioner was entitled to an instruction on mistake-of-fact. *Granger* clearly renders moot respondent's argument that the accused's belief can be <u>un</u>reasonable as a matter of law such as in the instance where the factual mistake alleged is a matter that is readily discernable by a simple empirical investigation.

murder.  Section 19.02(b) of the Texas Penal Code, which addresses the offense of murder, provided, in relevant part:

>   (b)   A person commits an offense if he:
>
>         (1)   intentionally or knowingly causes the death of an individual;
>
>         (2)   intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual . . . .

Accepting petitioner's testimony as true, he could not have intentionally or knowingly caused the death of the victim, or intended to cause serious bodily injury to the victim if petitioner truly thought the car was empty.  Petitioner, therefore, per *Granger*, would have been entitled to a jury instruction on mistake of fact pursuant to section 8.02 of the Texas Penal Code if he had so requested.[3]  *Cf. Granger v. State*, *supra*; *Granger v. State*, 2000 WL 798072 (Tex.App.–Dallas June 22, 2000) (opinion on remand).  The trial court is required, when properly requested, to charge on every defensive issue raised by the evidence.  *Warren v. State*, 565 S.W.2d 931 (Tex.Crim.App. 1978).  Just because petitioner may have been entitled to such an instruction, however, does not necessarily establish that counsel was deficient for failing to request one.  As respondent argues, trial counsel's failure to request a mistake-of-fact instruction was not necessarily deficient because it may have been defense counsel's trial strategy, in light of the strong evidence of petitioner's guilt, to seek a conviction of a lesser offense, particularly manslaughter, rather than to seek outright acquittal.  Counsel may have determined it would be a more effective approach to focus the jury on the lesser offense, rather than to argue every defense available, including those that were not well supported by the evidence.  In fact, trial counsel's closing argument supports respondent's argument.  Trial counsel

---

[3] The issue was whether petitioner's statements that he did not think anyone was in the car, if believed, raised a mistake of fact defense.  If the evidence, viewed in a light favorable to petitioner, did not establish a mistake of fact defense, an instruction would not have been required.

argued in his closing statement, "[T]his is a classic case of manslaughter. An absolute classic case of manslaughter," and this "is as clear a case of manslaughter as I've seen." Vol. 5, pp. 135, 140. Under the circumstances, a strategy of pursuing a conviction on a lesser offense was not objectively unreasonable. *See Hathorn v. State*, 848 S.W.2d 101, 118 (Tex.Crim.App. 1992) (holding defense counsel's strategy of trying to get the jury to convict the defendant of a lesser offense can be explained as a sound trial strategy).

The record does not show defense counsel's reasons for not seeking such an instruction as such was not developed during the state habeas proceedings. Moreover, although petitioner filed a motion for new trial [albeit with new defense counsel], he did not raise his ineffective assistance of counsel claim in that motion and failed to develop a record that may have supported his claim. It would be difficult, indeed, for petitioner to overcome the strong presumption that counsel rendered adequate assistance of counsel in this instance.

Assuming, however, solely for purposes of argument, that counsel was deficient in failing to request an instruction on mistake of fact, petitioner is still not entitled to relief because he cannot demonstrate he was prejudiced by trial counsel's failure to request a jury instruction on mistake-of-fact. Namely, petitioner cannot show there is a reasonable possibility that the result of the trial would have been different had counsel requested such an instruction. If counsel had requested such an instruction and a mistake-of-fact instruction had been included in the jury charge, the determination as to whether petitioner's purported mistaken belief was reasonable would have fallen to the jury. There was testimony at trial that there were six (6) people in the car, some in the process of entering the car; the target car did not have tinted windows; when the shooting began, at least one door of the car was open; the interior light of the car was working on the night of the shooting; the parking lot

was well lit; and petitioner was shooting at the car from a distance of "[s]omewhat less than 70 feet." Vol. 5, p. 83.  Further, the individual with whom petitioner and his companion had a conflict, Ambrose Bustos, was in the car at the time of the shooting.  Petitioner's testimony that he did not see anyone in the vehicle, did not see anyone trying to get in the back door of the vehicle, did not see the vehicle move, did not hear any screams or see any movement, was so against the great weight of the evidence that no jury could have found his purported belief, that the car was unoccupied, reasonable and credible.  In fact, this jury rejected petitioner's claim by finding petitioner guilty of murder.  Consequently, petitioner cannot show petitioner was prejudiced by counsel's failure to request such an instruction.

Further, petitioner has failed to carry his burden of proof on his claim of ineffective assistance of counsel.  The Texas Court of Criminal Appeals implicitly considered and rejected petitioner's ineffective assistance claim.  An independent review of his claim, in conjunction with the state court records, does not indicate that the state court's decision was contrary to or involved an unreasonable application of *Strickland*, or that it was based on an unreasonable determination of the facts as presented in the state court proceedings.  28 U.S.C. § 2254(d).[4]

B. Sufficiency of the Evidence

Petitioner argues the evidence was factually insufficient to support his conviction for murder. Petitioner raised his insufficiency claim on direct appeal to which the state appellate court stated:

> A person commits murder if he intentionally or knowingly causes the death of an individual.  Tex. Pen.Code. Ann. § 19.02(b)(1)(Vernon 1994).  Furthermore, a person acts intentionally or knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.  Tex. Pen. Code.

---

[4]The undersigned acknowledges the Texas Court of Criminal Appeals summary rejection of this claim, without any discussion, appears to be somewhat contradictory to that court's holding in *Granger v. State, supra*.  That contradiction, however, if indeed it is one, does not render the state court holding unreasonable.  Clearly, the state court could have denied the ineffective assistance claim because there was no prejudice to petitioner.

Ann. § 6.03(a) and (b) (defining culpable mental states of intentionally and knowingly). Yet, as alluded to in our discussion of the preceding issue, one may still be held liable for murder if he kills someone other than the person he intended to kill. See Tex. Pen.Code Ann. § 6.04(b)(2) (discussing this concept). In that regard, all the State need prove is that the only difference between what actually occurred and what he intended or knew would occur is that he caused the death of someone other than the one he tried to kill. Id. With this said, we now peruse the evidence before us.

Of record, we find evidence illustrating that: 1) appellant and Moreno were both present at the bar the night of February 24, 1999; 2) each was there with a group of friends and/or family members; 3) Junior, one of appellant's friends, was hit in the head with a billiard ball by Bustos, one of the individuals in Moreno's group; 4) the fight in the pool hall spilled out into the parking lot, where a number of vehicles were damaged; 5) appellant's car was damaged by Bustos; 6) appellant left the bar with Junior and proceeded to appellant's house; 7) appellant retrieved a shotgun and pistol from underneath his bed and gave the shotgun to Junior; 8) appellant and Junior then returned to the bar; 9) the appellant recalled seeing "people around a black car;" 10) appellant drove around to the back of the establishment; 11) at the time, the victim and Bustos were in a black car along with four other people; 12) when the appellant drove up, people were attempting to enter the black car; 13) the appellant and Junior exited their vehicle, aimed their weapons at the black car, and began shooting; 14) after discharging the weapons, the two drove back to appellant's house and hid the guns; 15) that night Moreno died of a bullet wound to the head; 16) the bullet removed from his head was of the same caliber as the ammunition fired from appellant's pistol; 17) Bustos, who allegedly hit Junior with a billiard ball, had been sitting in the passenger seat of the car at the time of the shooting; 18) as a result of the shooting, the window where Bustos had been sitting was shot out; 19) Bustos' window was the only window shot out; 20) the black car did not have tinted windows; 21) when the shooting began at least one door of the black car was open; 22) the interior light of the car had also been in working condition that night; 23) the parking lot was well lit at the time of the shooting; 24) Bustos saw the shooters kneeling and aiming at the car; 25) when appellant discovered that someone had died as a result of the shooting he threw the weapons in T-Anchor Lake; and 26) appellant later confessed to shooting at the car in the parking lot and throwing the weapons in the lake. From this, a jury could conclude, beyond reasonable doubt, that appellant caused the death of Julian Moreno, although he intended to cause the death of Ambrose Leon Bustos. That is, a rationale jury could have reasonably inferred that appellant intended to shoot and kill Bustos in retaliation for the earlier happenings, saw him in the car, fired, and instead killed Moreno. Thus, appellant's conviction for murder is supported by legally sufficient evidence.

That the evidence of guilt was not free of contradiction, that appellant denied intending to kill anyone, that he denied knowing anyone was in the black car, and that the credibility of witnesses may have been subject to question does not require us to

conclude that the verdict was factually insupportable. Those circumstances merely create issues for the jury to resolve. And, based upon our review of the entire record, we cannot say that the verdict was clearly wrong or manifestly unjust. Thus, the conviction also enjoyed the support of factually sufficient evidence.

The Texas Court of Criminal Appeals refused discretionary review on a petition raising this issue, and petitioner did not raise sufficiency of the evidence in his state habeas application.[5]

A federal habeas court must give great weight to a state court's determination of the sufficiency of the evidence. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985). Further, when a federal habeas court reviews the sufficiency of the evidence, it views the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Conflicts in the testimony are resolved fairly, the evidence weighed and reasonable inferences drawn therefrom.

The jury was instructed pursuant to the state law of transferred intent. *See* Tex. Pen. Code § 6.04(b)(2) ("A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired . . . is that . . . a different person was injured.").[6] Consequently, the jurors were permitted to find petitioner guilty of murder if they found he intentionally or knowingly caused the death of Moreno by shooting Moreno <u>or</u> if they found

---

[5] It is understandable why petitioner did not raise a sufficiency issue on state habeas as sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex.Crim.App. 1994).

[6] Specifically, the jury was instructed:

"You are further instructed that a person is criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated or risked is that a different person was injured, harmed or otherwise affected.

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, ROY CASTILLO . . . intending to cause the death of an individual, Ambrose Leon Bustos, by shooting the said Ambrose Leon Bustos with a deadly weapon, to-wit: a firearm, did then and there cause the death of an individual, namely, Julian Moreno, by shooting the said Julian Moreno with a deadly weapon, you will find the defendant guilty of the offense of murder and so say by your verdict."

petitioner intended to kill Bustos by shooting him but killed Moreno. Evidence was sufficient to convict petitioner of murder if such evidence showed petitioner was aware his conduct was reasonably certain to cause the death of either individual. The state court of appeals set forth a well-reasoned opinion detailing the evidence and rejecting petitioner's claim of insufficient evidence.[7] Further, in reviewing the full record, and giving due weight to the state court determination to which it is entitled, the undersigned finds the evidence was sufficient to support petitioner's conviction of the offense of murder. Specifically, the undersigned finds, based on the testimony of record, a jury could conclude, beyond reasonable doubt, that petitioner caused the death of Julian Moreno, although he intended to cause the death of Ambrose Leon Bustos. Clearly, a rationale jury could have reasonably inferred petitioner intended to shoot and kill Bustos in retaliation for the earlier happenings, saw him in the car, fired, and killed Moreno instead of Bustos. Petitioner's second ground should be denied.

### C.  Theory of Prosecution

Petitioner alleges he was prosecuted under a theory, to-wit: transferred intent, which was not alleged in the indictment, resulting in a violation of his due process rights under the United States Constitution. On direct appeal[8] and in his petition for discretionary review, petitioner presented this issue to the state courts in the form of trial court error or jury charge error, in violation of a state

---

[7] The decision of the Texas Court of Criminal Appeals, *i.e.*, the refusal of petitioner's petition for discretionary review, is presumed to rest upon the same reasoning as that of the court of appeals. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[8] On direct appeal, the state appellate court construed petitioner's allegation to be a claim that "the trial court's instruction concerning transferred intent was improper" because 1) the theory was not mentioned in the indictment, 2) the trial court was obligated to inform the jury that it must find any actions taken by petitioner to show transferred intent must be done knowingly and intentionally, and 3) that while the instruction described the deadly weapon with which petitioner intended to kill Bustos, it failed to describe the particular deadly weapon which resulted in Moreno's death.

statute and/or specific provisions of the Texas Constitution.[9] Such claims were found to be without merit.[10] Petitioner did not raise this issue, on either basis, in his state habeas application. Consequently, petitioner has not given the state courts an opportunity to address the alleged deprivations of *federal* constitutional rights under this claim, *i.e.*, nowhere did petitioner argue to the state courts a deprivation of due process rights under the United States Constitution. Consequently, petitioner has procedurally defaulted consideration of this claim on federal habeas corpus review. Even if petitioner were not procedurally barred from asserting this issue, the undersigned finds petitioner's argument to be conclusory and without merit. Specifically, petitioner fails to cite this Court to any authority indicating the absence of an allegation of the state law theory of transferred intent in an indictment, but the inclusion of said theory in a jury charge, constitutes a denial of due process as guaranteed by the United States Constitution. Petitioner's third ground should be DENIED.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by

---

[9] In his PDR, petitioner alleged he had established he was harmed by the inclusion of the transferred intent paragraph in the jury charge because:

> The trial court did not charge the jury that in order to find Petitioner guilty of murder by transferred intent as set out in paragraph 5 of the court's charge, that the jury must find that any actions taken by Petitioner to show transferred intent must be done knowingly and intentionally. Further, the court's charge fails to track the application of paragraph 4 in that it failed to tell the jury that in order to apply paragraph 5, the jury had to find that the Petitioner caused the death of an individual, namely Julian Moreno, by shooting the said Julian Moreno with a deadly weapon, to wit: a firearm. When the trial court failed to identify the deadly weapon as a firearm in the last sentence of paragraph 5, it did not track the indictment or the application paragraph 4 of the court's charge.

[10] In addressing petitioner's challenge to absence of the transferred intent theory in the indictment, the intermediate appellate court cited state case law holding that the theory of transferred intent could be incorporated in a charge though omitted from the indictment.

petitioner ROY CASTILLO be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to all parties by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of October 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\*NOTICE OF RIGHT TO OBJECT\***

Any party may object to these proposed findings, conclusions, and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing. FED. R. CIV. P. 5(b). The parties are allowed a 3-day service-by-mail extension. *Id.* 6(e). Therefore, any objections must be *filed* **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 6(a), 72(b).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the United States Magistrate Judge and accepted by the District Court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).